# Exhibit 1

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| ROBERT DAY, | CIVIL DIVISION |
| *Plaintiff,* | **ELECTRONICALLY FILED** |
| vs. | Case No. AR-21-001354 |
| MIDLAND FUNDING, LLC, | |
| *Defendant.* | **COMPLAINT IN CIVIL ACTION** |

Filed on Behalf of Plaintiff:
Robert Day

Counsel of Record for this Party:
**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:  (412) 545-3015
Fax No.:    (412) 540-3399
Email: JWard@JPWard.com

## NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. IF YOU CANNOT AFFORD TO HIRE A LAWYER, this office may be able to provide you with information about agencies that may offer legal service to eligible persons at a reduced fee or no fee:

LAWYER REFERRAL SERVICE
11TH FLOOR KOPPERS BUILDING,
436 SEVENTH AVENUE
PITTSBURGH, PENNSYLVANIA 15219
TELEPHONE: (412) 261-5555

**HEARING NOTICE YOU HAVE BEEN SUED IN COURT.** The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on _____September 20_____, 2021, at 9:00 A.M.

IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFENDT, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING. DUTY TO APPEAR AT ARBITRATION HEARING IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing. If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from decision entered by a judge.

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

ROBERT DAY,                                        CIVIL DIVISION

    *Plaintiff,*                              **ELECTRONICALLY FILED**

    vs.                                        Case No. AR-21- 00 1354

MIDLAND FUNDING, LLC,

    *Defendant.*

## COMPLAINT

AND NOW, comes Plaintiff, Robert Day, by and through the undersigned counsel, The Law Firm of Fenters Ward and specifically, Joshua P. Ward, Esquire, who files the within Complaint in Civil Action against Defendant, Midland Funding, LLC, of which the following is a statement:

## PARTIES

1. Plaintiff, Robert Day (hereinafter "Robert Day"), is an adult individual who currently resides at 1218 S 16th Street, Apt. C, Philadelphia, Pennsylvania 19146.

2. Defendant, Midland Funding, LLC (hereinafter "Midland Funding"), is a limited liability company with is principal place of business located at 350 Camino De La Reina, San Diego, California 92108.

## JURISDICTION AND VENUE

3. Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, the "FDCPA").

4. Venue is proper pursuant to Pa.R.C.P. 2179(a)(2) because Defendant regularly conducts business in Allegheny County, Pennsylvania, and because Defendant is subject to general jurisdiction of Allegheny County, Pennsylvania.

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

5. On November 5, 2020, Midland Funding, filed a Civil Complaint against Robert Day in Philadelphia Municipal Court at Docket Number: SC-20-11-05-3636. A true and correct copy of the Docket is attached hereto, made a part hereof, and marked as Exhibit "A".

6. In response to the aforesaid lawsuit, Robert Day engaged The Law Firm of Fenters Ward for representation.

7. The Complaint filed by Midland Funding falsely represented that Robert Day owed $1,473.86 of "principal" as a result of an alleged debt. See Exhibit "A".

8. Furthermore, the Complaint did not include a breakdown of all interest and fees included in the amount claimed. See Exhibit "A".

9. By falsely purporting that the entire claimed amount was "principal", Midland Funding falsely represented the character, amount, or legal status of debt in violation of 15 U.S.C.A. § 1692e(2)(A).

10. By falsely purporting that the entire claimed amount was "principal", Midland Funding utilized a false representation or deceptive means to collect or attempt to collect a debt concerning a consumer and violated 15 U.S.C.A § 1692e(10).

## COUNT I
## VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692, *et seq.*

11. Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

12. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. § 1692(a).

13. The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

14. Robert Day is a "consumer" as defined by § 1692a(3) of the FDCPA.

15. Midland Funding is a "debt collector" as defined by § 1692a(6) of the FDCPA.

16. Upon information and belief, the alleged "debt" arises out of an alleged transaction entered into primarily for personal, family, or household purposes. "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

17. The Third Circuit has held that the FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections,* 385 F.3d 337, 345 (3d. Cir. 2004).

18. Section 1962e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of – (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §1692e of the FDCPA.

19. On November 5, 2020, Midland Funding, filed a Civil Complaint against Robert Day in Philadelphia Municipal Court at Docket Number: SC-20-11-05-3636. See Exhibit "A".

4

20. The Complaint filed by Midland Funding represented that Robert Day owed $1,473.86 of "principal" as a result of his default of an alleged debt. See Exhibit "A".

21. The Complaint did not include a breakdown of all interest and fees included in the amount, rather the complaint purported that the only amount owed was the "principal" amount. See Exhibit "A".

22. The Third Circuit has held that "principal" constitutes the original borrowed amount associated with the alleged debt and not the amount subsequently and allegedly acquired by a third party. *Mushinsky v. Nelson, Watson & Assoc., LLC*, 642 F. Supp. 2d 470, 472 (E.D. Pa. 2009).

23. By purporting that the entire claimed amount was "principal", Midland Funding falsely represented the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA.

24. Furthermore, Midland Funding therefore utilized false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

25. Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

26. Here, the only natural consequence of Midland Funding's acts of willfully communicating credit information which was known to be false was to harass, oppress, and abuse Robert Day.

27. As such, Midland Funding's conduct, as set forth above, Midland Funding violated 15 U.S.C. §1692d of the FDCPA.

28. Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C. §1692k(a) of the FDCPA.

29. As a direct and proximate result of Midland Funding's violations of the FDCPA, as set forth above, Robert Day has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

30. WHEREFORE, Plaintiff Robert Day respectfully requests that this Honorable Court enter judgment in his favor against Defendant, Midland Funding, LLC, and enter an award of monetary damages as described herein, not in excess of arbitration limits, including an award for actual damages, statutory damages pursuant to 15 U.S.C. §1692k(a), costs and attorney's fees pursuant to 15 U.S.C. §1692k(a), and such other and further relief as this Honorable Court deems just and proper.

**JURY TRIAL DEMANDED UPON APPEAL OR REMOVAL.**

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: March 24, 2021

By: _____
Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

7

## VERIFICATION

I, JOSHUA P. WARD, ESQ., have read the foregoing COMPLAINT and verify that the statements therein are correct to the best of my personal knowledge, information, and/or belief. I have gained this information from discussions with Plaintiff. This verification is made on behalf of Plaintiff. Plaintiff will produce their verification if/when there is an objection by Defendant or upon directive from the court.

I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities, while provides that if I knowingly make false averments, I may be subject to criminal penalties.

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: March 24, 2021

By: _____
Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

# EXHIBIT A



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

Patrick F. Dugan, President Judge   John J. Joyce, Deputy Court Administrator

## STATEMENT OF CLAIM

Code: Consumer Purchase - (4)    SC/CP: # SC-20-11-05-3636

**Plaintiff(s)**
Midland Funding, LLC
2365 NORTHSIDE DRIVE Suite 300
San Diego, CA 92108

**Defendant(s)**
ROBERT DAY
1218 S 16TH ST APT C
PHILADELPHIA, PA 19146

Service Address (information) if other than above:

*To the Defendant: Plaintiff is seeking a money judgment against the Defendant(s) based on the following claim:*
Plaintiff is the owner of a certain credit card account (hereinafter "the Account") by virtue of the
assignment of the account. As a result of the assignment, plaintiff now holds all rights, title and
interest in and to the account. Upon information and belief, the defendant entered into a
revolving credit card agreement with CREDIT ONE BANK, N.A., received a credit card for the
account bearing the last 4 numbers of XXXXXXXXXXXX-0970 and used or authorized the use
of said card to for the purpose of obtaining goods and/or services and/or cash advances. Based
upon records kept on behalf of plaintiff, the last payment posted to the account on October 07,
2017. The account shows that the defendant owes a balance of $1,473.86 file number 20-
143843.

## Summons to the Defendant
**You are hereby ordered to appear at a hearing scheduled as follows:**
## Citation al Demandado
**Por la presenta, Usted esta dirljido a presentarse a la siguiente:**

1339 Chestnut Street 6th Floor
Philadelphia, PA 19107
Hearing Room: 5

January 4th, 2021

10:20 AM

## Amount Claimed

| | | |
|---|---|---:|
| Principal | $ | 1473.86 |
| Interest | $ | 0.00 |
| Attorney Fees | $ | 0.00 |
| Other Fees | $ | 0.00 |
| **Subtotal** | $ | 1473.86 |
| Service | $ | 45.00 |
| State Fee | $ | 14.75 |
| Automation Fee | $ | 5.50 |
| Convenience Fee | $ | 5.00 |
| JCS St. Add. Surcharge | $ | 11.25 |
| JCS St. Add. Fee | $ | 2.25 |
| ATJ Fee | $ | 2.00 |
| ATJ Surcharge | $ | 10.00 |
| Court Costs | $ | 22.00 |
| **TOTAL CLAIMED** | $ | 1591.61 |
| Date Filed: 11/05/2020 | | |

I am a plaintiff in this statement of claims action. I hereby verify that I am authorized to make this verification and that the facts set forth above are true and correct to the best of my knowledge, information and belief. I understand that this verification is made subject to the penalties set forth in 18 Pa. C.S. &sect; 4904, which concerns the making of unsworn falsifications to authorities.

DANIEL J. SANTUCCI

**Signature Plaintiff/Attorney**
Atty ID #: 092800

Address & Phone: 1 INTERNATIONAL PLAZA 5TH FLOOR
PHILADELPHIA, PA 19113
(484) 493-7704

NOTICE TO THE DEFENDANT, YOU HAVE BEEN SUED IN COURT.
PLEASE SEE ATTACHED NOTICES

AVISO AL DEMANDADO LE HAN DEMANDADO EN CORTE. VEA POR FAVOR LOS AVISOS ASOCIADOS.

If you wish to resolve this matter without appearing in court, please contact the attorney shown above immediately.